IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ELIZABETH MARIA C.,[1] | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 1:21-CV-00071-H-BU |
| | § |
| KILOLO KIJAKAZI | § |
| Acting Commissioner of Social Security[2] | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Elizabeth Maria C. filed this action under 42 U.S.C. § 405(g) seeking judicial review of the unfavorable decision of the Commissioner of Social Security ("Commissioner") regarding her application for disability insurance benefits ("DIB"). *See* Dkt. Nos. 1 and 12. Now before the Court is the Commissioner's motion to reverse and remand to allow further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). *See* Dkt. No. 15. Plaintiff does not oppose the motion.

Under a standing order of referral, this action was automatically referred to the undersigned United States magistrate judge for decisions as to non-dispositive matters and for findings and recommendations as to dispositive matters. Because the parties have not

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.
[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

consented to the exercise of jurisdiction by the undersigned, the undersigned is required to file Findings, Conclusions, and a Recommendation with respect to all dispositive matters, including motions to remand pursuant to the fourth sentence of 42 U.S.C. § 405(g).

After reviewing the Commissioner's unopposed motion and the applicable law, the undersigned finds that a hearing on this motion is unnecessary and recommends that the Commissioner's Unopposed Motion to Reverse and Remand (Dkt. No. 15) be GRANTED.

Accordingly, it is RECOMMENDED that the ALJ's decision be reversed and remanded for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g) and consistent with the Commissioner's motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 23rd day of November, 2021.

                                                                                      JOHN R. PARKER
                                                                                      UNITED STATES MAGISTRATE JUDGE